PEARSON, Judge.
This cause was set for oral argument before the court. Prior to argument we noted an apparent lack of jurisdiction. We thereupon removed the cause from the calendar and requested the parties to file briefs concerning this court’s jurisdiction to consider an appeal from the following order:
“THIS CAUSE came on to be heard before the Court upon the Plaintiff’s motion for partial summary judgment and upon the Defendants’ motion for summary judgment; and the Court having heard argument of counsel and having examined the pleadings, affidavits and depositions contained in the file, finds that the doctrine as first enunciated New York Times v. Sullivan, 376 U.S. 254 [84 S.Ct. 710, 11 L.Ed.2d 686], and as later enunciated in subsequent cases, is not applicable at the case at bar, and therefore, the Court being fully advised in the premises, it is, upon consideration
“ORDERED that the aforesaid motions be and the same are hereby denied, except as above set forth.”
Appellants frame the issue before us concisely:
“Rule 4.2a, Florida Appellate Rules, allows interlocutory appeals ‘ * * * from orders granting partial summary judgment on liability in civil actions, * * * >
“If the language of Rule 4.2a quoted above allows an interlocutory appeal from an order which disposes of some, but not all, issues of liability, this appeal lies. If that language in Rule 4.2a allows an interlocutory appeal only from an order completely disposing of all issues of liability against the defending party, the order of the lower court is not appealable.”
They urge the first of these interpretations on this court.
We think such an interpretation is not justified by the language of the rule. We think further that the interpretation urged would allow interlocutory appeals from every order in a common law case which in any way touched upon liability. Such orders may be entered at many stages in the trial of a common law case. The broad use of interlocutory appeals suggested is not within the traditional framework of the trial of a common law case. The resulting delay in the disposition of cases would be unfortunate.
We think the Supreme Court intended to permit interlocutory appeals from orders granting partial summary judgment on liability in civil cases only when those orders are completely dispositive of the issue of liability.
Accordingly, the appeal is dismissed.
It is so ordered.